## Murphy's Estate.

*Appeals—Findings of fact—Orphans' court.*

Findings of fact by the orphans' court will not be reversed by the appellate court except for plain error.

*Taxation—Collateral inheritance tax—Decedent's estates—Proceeds of insurance policy.*

Where on appeal from a decree of the orphans' court it appears that the proceeds of a policy of life insurance were included in the balance in the hands of the executor for distribution, and the record does not show whether the policy was payable to the decedent's legal representative, or to a third person, the appellate court will assume that the proceeds of the policy became a part of the decedent's estate, and, therefore, subject to the payment of the collateral inheritance tax.

Argued Oct. 8, 1902. Appeal, No. 15, Oct. T., 1902, by William J. Cunius, executor, from decree of O. C. Phila. Co., April T., 1901, No. 626, overruling exceptions to adjudication in the estate of Michael Murphy, deceased. Before RICE, P. J., BEAVER, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to adjudication.
The facts appear by the opinion of the Superior Court.

*Error assigned* was in overruling exceptions to adjudication.

*John P. Gibbs*, for appellant.

*Frederick J. Shoyer*, for appellee.

OPINION BY BEAVER, J., November 19, 1902:

1. The contract, under which the appellee claims for the boarding of the decedent, is admitted. The court below allowed the one half of her claim. From this finding of fact she

has not appealed and, under our rule as to the acceptance of the findings of fact by the court below under all ordinary circumstances, an appeal would probably have availed her little. Upon what principle, however, in view of the testimony, the court below allowed the one half of the claim, it is difficult to understand. The testimony, as we read it, would have warranted the allowance of a much larger proportion thereof. There is certainly no ground for the appellant to complain of this finding of fact.

2. The evidence in regard to the gift of the furniture to the appellee by the decedent in his lifetime is convincing and the finding in regard thereto could scarcely have been different, regard being had to the weight of the testimony. As to this fact also there is nothing in the finding of the court which calls for remark, much less for reversal.

3. Whether or not the collateral inheritance tax upon the policy of insurance was properly allowed or not depends, in large measure, upon the terms of the policy, which is not set forth in the appellant's paper-book and as to which we are entirely in the dark. If the policy was payable to his legal representative and became part of the estate for the payment of debts and for distribution among his collateral heirs or legatees, it was undoubtedly subject to the payment of collateral inheritance tax, under the provisions of the Act of May 6, 1887, P. L. 79, under which "all estates, real, personal and mixed, of every kind whatsoever, situated within this state," etc., "shall be and they are hereby made subject to a tax of five dollars on every hundred dollars of the clear value of such estate or estates," etc. If the policy had been taken for the benefit of and payable to a third person and had not entered into or become a part of the estate of the decedent, it would have been exempt; but, as heretofore remarked, inasmuch as the terms of the policy are not before us, we cannot pass upon this question. From the fact that the proceeds of the policy are included in the balance in the hands of the executor for distribution, we take it for granted that the proceeds of the policy became a part of the decedent's estate and, therefore, subject to the payment of the collateral inheritance tax.

The specifications of error are all overruled and the decree of the court below affirmed.