## French's Estate.

*Taxes—Inheritance—Insurance policy—Proceeds payable to children of assured—Act of 1919.*

1. The proceeds of an insurance policy payable to the children of the assured as beneficiaries are not subject to the transfer inheritance tax.

2. Where the assured names his children as beneficiaries and orders that the money be paid to them according to the terms of his will, and his will directs that the residue of his estate shall be divided into equal parts and held in trust for his children, the proceeds of the policy never become a part of his estate, nor are they transferred in contemplation of death so as to be subject to the transfer inheritance tax within the meaning of the Act of June 20, 1919, P. L. 521.

Appeal from appraisement of transfer inheritance tax. O. C. Montgomery Co., Feb. T., 1927, No. 29.

*Henry Pleasants*, for petitioner.

*High, Dettra & Swartz*, for Commonwealth.

KNIGHT, J., 38th judicial district, specially presiding, June 7, 1927.—The decedent died Dec. 22, 1925, leaving a last will and testament bearing date March 17, 1920, with several codicils, which were duly admitted to probate and letters testamentary granted to Fidelity Trust Company, since merged with the Philadelphia Trust Company and now Fidelity-Philadelphia Trust Company. The testator directed the residue of his estate to be divided into four equal parts, which he gave to said company to hold in trust for each of his four children, Augusta Graham French Wallace, Bessie Graham French Cummin, James Graham French and Clayton French, to invest each part and pay the net income therefrom to each of said children during life, with remainders over.

The testator had a policy on his life issued by the Equitable Life Assurance Society of the United States under date of Jan. 19, 1898, for $30,870. The policy was originally made payable to his estate. Under date of Jan. 21, 1921, the company made the following endorsement: "In compliance with the written request of Harry B. French, it is hereby declared that the amount due at his death shall be payable, not as originally provided, but to his children, Clayton French, James Graham French, Bessie French Cummin, Augusta French Wallace, according to the terms of the last will and testament of the said Harry B. French. Other conditions and requirements remain unchanged." With the consent of the children, the company paid the proceeds of the policy to the executor. The appraisers of the personal estate of the decedent included the amount of the proceeds of the policy in the inventory, setting out *verbatim* the beneficiary clause of the policy—the endorsement as above given; the account of the executor filed in the office of the register of wills Sept. 24, 1926, including the said proceeds. At the audit of the account, the executor submitted the question whether the provisions of the will extended to and included the proceeds of the policy. In the adjudication of the account the court distributed one-fourth of the proceeds to the testamentary trustee for each child, for the reason (which, however, was not stated) that it was in accordance with the direction of the decedent assured. Our thought was that the proceeds were no part of the estate of the decedent.

The appraiser to fix the transfer inheritance tax on the estate of the testator included in his appraisement of the estate and as part thereof the proceeds of the policy, $30,870.

The executor has appealed from the assessment of the tax on said proceeds. It also appealed from the assessment of the tax on a "trust fund" of $62,818.90.

Subsequently, it was found that no tax was assessed on this fund, and, of course, the appellant withdrew consideration of that item.

The sole question at issue is whether the proceeds of the insurance policy are subject to the payment of the transfer inheritance tax. The facts are agreed upon by the appellant and the Commonwealth. The decedent did not die possessed of the proceeds. They were never payable to him. At one time, prior to Jan. 21, 1921, they were payable to his estate. Had no change been made by him, the proceeds would have been paid to his executors and passed as his estate to the beneficiaries under his will. After Jan. 21, 1921, the proceeds, at his death, were to be paid to his four children according to the terms of his will; that is, to the trustee appointed for them in the will, to be held according to the terms of the trust. The assured (French) virtually incorporated the trust in directing to whom the proceeds of the policy at his death were to be paid and what was to be done with them. That, however, did not make the proceeds part of his estate. It was a direction only, nothing more, to whom they should go. The fact that they were paid to the executor with the consent of the children did not make them a part of his estate transferred by his will. He was not possessed of the proceeds at the time of his death. Nor does the fact that the executor included the proceeds in the inventory make them part of the estate. Fortunately, they are distinctly earmarked, and they may be called a special fund in the executor's hands.

The Act of June 20, 1919, P. L. 521, imposes the transfer inheritance tax on personal property "when the transfer is by will . . . from any person dying possessed of the property," or "when the transfer is of property made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death." As already stated, the insurance money was not payable to the decedent or to his estate. As we have found, it was payable to his children, to be held, however, according to the conditions and limitations of his will. He had the power to revoke the direction of Jan. 21, 1921, as to the payment of the proceeds of the policy. He never exercised the power. The right to revoke, unexercised, is a dead thing: Dolan's Estate, 279 Pa. 582 (589); and, as was said in that case, "its presence does not alter the character of the estate granted; to all intents and purposes, title and possession pass just as effectively as any deed or grant could make it, continuing in that state so long as the power of revocation lies dormant." The proceeds of the policy passed to the children by the terms of the policy, not as part of his estate under his will. The policy originally was payable to the testator's estate; later, it was made payable to his children. The proceeds are exempt from the tax: Murphy's Estate, 21 Pa. Superior Ct. 384.

The moneys received by the executor from the policy never were an estate of which the decedent died possessed. They are akin to death benefits of a beneficial society payable to the heirs of a member, which are not liable to the tax: Rumance's Estate, 65 Pitts. L. J. 416.

Policies of life insurance usually and very generally are made payable, upon the death of the insured, to the estate of the insured or to a third person. Policies of life insurance are taken out in contemplation of death. To hold that the naming of a persons as beneficiary of the policy entitled to the proceeds thereof is a transfer of property made in contemplation of the death of the insured, or intended to take effect in possession or enjoyment at or after his death, within the meaning of that provision of the Act of 1919, would be an absurd interpretation of the language of the act, for the convincing reason that the policy is not the estate or part of the estate of the insured to take effect in possession or enjoyment at his death. "It never, for a moment,

became part of his estate which his heirs (creditors, legatees or next of kin) could on any ground or by any device absorb:" Vogel's Estate, 18 W. N. C. 242.

Further discussion of the matter is unnecessary. We are of the opinion the appraiser erred in including the proceeds of the insurance policy as part of the decedent's estate; that the net amount of the estate liable for the transfer inheritance tax should be reduced by $30,870, which will correspondingly reduce the amount of tax due on the estate.

The substance of the foregoing opinion was prepared by his Honor Judge Solly before his illness. We have examined the papers in the matter, including briefs filed by counsel, and, upon consideration, we concur with the opinion of Judge Solly, and, therefore, make the following

*Order.*

And now, June 17, 1927, the appeal is sustained.

From Aaron S. Swartz, Jr., Norristown, Pa.