Commonwealth *v.* Terrell, Appellant.

Submitted September 17, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Maxwell L. Davis,* and *Davis and Davis,* for appellant.

*Douglas B. Richardson, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., April 22, 1975:

Appellant was charged with aggravated robbery (Indictment No. 783) and carrying a concealed deadly weapon and unlawfully carrying a firearm without a license (Indictment No. 786). When the bills were consolidated for trial, appellant's counsel moved for severance, but the motion was denied. A jury found appellant guilty on both bills, and he was sentenced to three to fifteen years imprisonment on the aggravated robbery charge and two lesser concurrent sentences on the firearms charges. The sole issue raised on this appeal is whether it was error not to grant the motion for severance.

The robbery occurred in a bar on March 7, 1972, at 1:50 A.M. The bartender's testimony may be summarized

as follows. Appellant and another man entered the bar together. Appellant produced a gun, and the other man a knife. After taking money from the cash register and from the bartender's person, they made the bartender lie on the floor and the bartender's wife and about six patrons go into the bathroom, and left. The entire incident took about twenty minutes. The bartender positively identified appellant as the robber with the gun. The bartender's wife corroborated this testimony; she also positively identified appellant as the robber with the gun.

On March 13, 1972, officers in a police cruiser saw appellant on the street. A warrant had been issued for his arrest in connection with the robbery, so he was stopped, arrested, and patted down. A .22 caliber revolver was found in the waistband of his trousers. At trial the bartender testified that he believed this to be the gun appellant had used in the robbery.

The test of whether consolidation is proper is related to the test of whether evidence of one crime may be admitted at the trial for another. The present rule in Pennsylvania is that consolidation is proper (*i.e.,* the denial of a motion for severance is not an abuse of discretion) if (1) the facts and elements of the two crimes are easily separable in the minds of a jury; and (2) the crimes are such that the fact of the commission of each crime would be admissible as evidence in a separate trial for the other. *Commonwealth v. Irons,* 230 Pa. Superior Ct. 56, 62, 326 A.2d 488, 491 (1974), interpreting the plurality decision in *Commonwealth v. Peterson,* 453 Pa. 187, 307 A.2d 264 (1973). *See also Commonwealth v. Mullen,* 228 Pa. Superior Ct. 207, 324 A.2d 410 (1974) (charge such that jury could not easily separate the crimes, despite possibility of common scheme).

In the present case the first of these two requirements was met, for the crimes charged are relatively simple, and the proof of the elements of each was not complex. The double question left for our consideration, then, is

whether evidence of the firearms violations would have been admissible at a trial for the robbery, and whether evidence of the robbery would have been admissible at a trial for the firearms violations.

Evidence of a crime independent of the crime for which the accused is being tried is as a general rule inadmissible, because the fact of the commission of one crime is not proof of the commission of another crime; it is merely proof of a bad character, which cannot support an inference of guilt. The exception to this general rule is ". . . where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other." *Commonwealth v. Peterson, supra* at 197-98, 307 A.2d at 269. Thus it is generally stated that evidence of another crime is admissible when it tends to prove (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme, plan, or design involving incidents so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial. *Id., Commonwealth v. Schmidt*, 452 Pa. 185, 299 A.2d 254 (1973); *Commonwealth v. Gilmore*, 447 Pa. 21, 288 A.2d 757 (1972); *Commonwealth v. Smith*, 443 Pa. 151, 277 A.2d 807 (1971); *Commonwealth v. Foose*, 441 Pa. 173, 272 A.2d 452 (1971); *Commonwealth v. Mullen, supra; Commonwealth v. Williams*, 227 Pa. Superior Ct. 103, 323 A.2d 135 (1974). To this illustrative list we have recently added, (6) where the crime was committed to conceal the commission of the crime on trial or to escape its consequences. *Commonwealth v. Irons, supra.*

Evidence of the firearms violations would have been admissible at a trial for the robbery because it would have corroborated evidence of appellant's identity by showing that the person suspected of committing the robbery was found a week later in possession of the weapon used in the robbery. The fact that such posses-

330

sion happens to constitute an independent crime would not preclude proof of possession, for the relevance of the proof would far outweigh any prejudice. The evidence would be just as damning whether it constituted a crime or not.

However, if appellant were tried separately on the firearms charges, evidence of the robbery would not have been admissible. While it might be permissible to prove that he possessed a gun sometime in the past (and it also might not be), it would not be permissible to do this by admitting evidence that he had used the gun to commit another crime. Just as it is normally permissible to show that a victim identified an accused at a prior time, but impermissible to do this in such a way as to imply that the accused was in jail or had a criminal record, proof of possession of the gun in the context of another, unrelated crime would create an ". . . intolerable risk of prejudice . . . ." *Commonwealth v. Mullen, supra* at 212, 324 A.2d 413 (1974).

It follows that it was error to consolidate the indictments in this case for a single trial; although the evidence of the firearms violations would have been admissible at a separate trial on the robbery charge, the converse is not so. We need not, however, order a new trial on both charges. The conviction for robbery can stand, because all of the evidence introduced at the consolidated trial would have been admissible at a trial on that charge alone. There was therefore no prejudice to appellant from the consolidation with respect to the robbery charge. We reverse only the convictions for the firearms violations and grant a new trial on Indictment No. 786.

Judgment of sentence for the firearms violations (Indictment No. 786) is reversed and a new trial granted.

Judgment of sentence for aggravated robbery (Indictment No. 783) is affirmed.

WATKINS, P.J., and VAN DER VOORT, J., dissent.