378 A.2d 901

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jerry RHODES, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Oct. 6, 1977.

212

Philip D. Freedman, Assistant Public Defender, Harrisburg, and Joshua D. Lock, Public Defender, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, and LeRoy S. Zimmerman, District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

On November 20, 1974, a jury returned guilty verdicts on two indictments each charging appellant with burglary.

Post-verdict motions were denied and appellant was sentenced to concurrent terms of imprisonment of ten to twenty years. This appeal ensued.

The record discloses the following: In the early evening of October 4, 1971, a home situated on Sunnyside Avenue in Susquehanna Township, Dauphin County, was burglarized. Entrance to the home was achieved by breaking a pane of glass in the kitchen door. Only six days later on October 10, 1971, at approximately 8:30 P.M., two people were observed by a neighbor on the rear porch of a residence located on Colonial Road, Susquehanna Township. After breaking the glass in the rear door, the burglars realized they were being observed and fled. Commendably, the neighbor gave chase and apprehended Lillian Deutsch, who subsequently identified her escaping companion as one Sam Jenkins. Jenkins, however, was never found, and in March of 1972 Deutsch pleaded guilty to attempted burglary and assault in connection with the incident of October 10, 1971. In June of 1972 Deutsch, while in prison, informed authorities that her confederate in the October 10th burglary was actually Jerry Rhodes, appellant herein.[1]

Complaints charging Rhodes with the two burglaries were filed in mid-December 1972. At that time, however, Rhodes was incarcerated in Minnesota, so the Commonwealth instituted extradition proceedings. On February 25, 1973, extradition to Pennsylvania was ordered. In the meantime, however, while Rhodes was challenging the extradition order, the Commonwealth in July of 1973 sought permission to present bills of indictment to the grand jury without first holding a preliminary hearing. Permission was granted by the lower court and true bills were returned on July 31, 1973. On May 17, 1974, the Supreme Court of Minnesota affirmed the trial court's order quashing Rhodes' writ of habeas corpus challenging extradition. *State ex rel. Rhodes v. Omodt*, 300 Minn. 129, 218 N.W.2d 461 (1974). Appellant

---

1. At trial, Deutsch further testified that she participated with appellant in the burglary of October 4, 1971.

was finally returned to Dauphin County on October 29, 1974.[2]

 Appellant raises numerous issues for consideration.[3] It is first contended the court erred in permitting the Commonwealth to present bills of indictment to the grand jury without affording appellant a preliminary hearing. This contention has no merit. The Pennsylvania Rules of Criminal Procedure recognize that in certain situations a preliminary hearing is not required. Rule 224 provides:

> "When the attorney for the Commonwealth certifies to the court of common Pleas that a preliminary hearing cannot be held for a defendant because the defendant cannot be found in the Commonwealth or that the statute of limitations will run prior to the time when a preliminary hearing can be held or that a preliminary hearing cannot be held for other good cause, the court may grant leave to the attorney for the Commonwealth to present a bill of indictment to the grand jury without a preliminary hearing."

Further, the case law of this Commonwealth has traditionally and uniformly rejected any notion that a fugitive from justice must be afforded a preliminary hearing. See, e. g., *Commonwealth v. O'Brien*, 181 Pa.Super. 382, 124 A.2d 666 (1956); *Commonwealth v. Coyle*, 415 Pa. 379, 203 A.2d 782 (1964); *Commonwealth v. Bunter*, 445 Pa. 413, 282 A.2d 705 (1971). In *Commonwealth v. Coyle*, supra, 415 Pa. at 396, 203 A.2d at 790, it was pertinently stated: "A fugitive from justice need not be given a preliminary hearing and may properly be proceeded against by use of a district attorney's bill with the approval and under the supervision of the court."

**2.** The reason for the delay between the order of extradition and appellant's eventual return to Pennsylvania is not reflected in the record.

**3.** In addition to the brief filed by his counsel, appellant has submitted a pro se supplemental brief. Two of the issues presented in this supplemental brief, however, were not raised in the court below and, therefore, have not been preserved for appellate review. See *Commonwealth v. Reid*, 458 Pa. 357, 326 A.2d 267 (1974).

Instantly, appellant's participation in the crimes in question was not revealed until June of 1972. From April of 1972 until October of 1974 appellant was in the State of Minnesota, where he was sporadically incarcerated for sundry offenses. Indeed, appellant concedes that at the time the complaints were filed he was incarcerated in Minnesota. Nonetheless, appellant argues that the exception that fugitives need not be given a preliminary hearing is inapplicable because as of May 23, 1974, he was willing to return to Pennsylvania. This ignores the fact that the indictments were presented in July of 1973 and until May of 1974 appellant opposed any effort to force his return to Pennsylvania. Under these circumstances, the court below properly approved the Commonwealth's request to proceed to the grand jury without a preliminary hearing.

It is next contended the lower court erred in consolidating the two burglary indictments into a single trial. Appellant emphasizes that the Commonwealth originally intended to proceed with a single trial on four indictments each alleging a burglary to have occurred in the period between October 4th and 10th of 1971. Appellant did not object to this consolidation. Immediately prior to trial, however, the Commonwealth elected to proceed on only two of the indictments, i. e., one of the burglaries on October 4th and the one on October 10th. Appellant then objected to consolidation on the grounds that without the two intervening burglaries the Commonwealth could no longer assert a common scheme. We disagree.

As we have previously stated: "The test of whether consolidation is proper is related to the test of whether evidence of one crime may be admitted at the trial for another. The present rule in Pennsylvania is that consolidation is proper (i. e., the denial of a motion for severance is not an abuse of discretion), if (1) the facts and elements of the two crimes are easily separable in the minds of a jury; and (2) the crimes are such that the fact of the commission of each crime would be admissible as evidence in a separate trial for the other. *Commonwealth v. Irons*, 230 Pa.Super.

56, 62, 326 A.2d 488, 491 (1974), interpreting the plurality decision in *Commonwealth v. Peterson*, 453 Pa. 187, 307 A.2d 264 (1973). See also *Commonwealth v. Mullen*, 228 Pa.Super. 207, 324 A.2d 410 (1974) (charge such that jury could not easily separate the crimes, despite possibility of common scheme)." *Commonwealth v. Terrell*, 234 Pa.Super. 325, 328, 339 A.2d 112, 114 (1975); Accord: *Commonwealth v. Jones*, 242 Pa.Super. 303, 363 A.2d 1281, 1282 (1976).

Instantly, the indictments charged identical crimes which were similar in all respects with the exception of the date and place of occurrence. Furthermore, burglary is a relatively simple crime requiring neither complex or extensive proof. Indeed, the Commonwealth's entire case consumed only sixty pages of testimony, and the Commonwealth's evidence was presented in a clear and logical fashion. In short, there was little danger the jury would have any difficulty in separating the evidence relative to each burglary. See *Commonwealth v. Irons*, 230 Pa.Super. 56, 326 A.2d 488 (1974). Thus, we find that the first condition for consolidation has been satisfied.

■■ With respect to the second condition, the general rule is that evidence of other criminal acts is inadmissible in the trial of a separate crime. *Commonwealth v. Groce*, 452 Pa. 15, 303 A.2d 917 (1973); *Commonwealth v. Foose*, 441 Pa. 173, 272 A.2d 452 (1971); *Commonwealth v. Terrell*, supra. The general rule, however, has no application "where evidence of other crimes has an independent relevance to the crime being tried . . . ." *Commonwealth v. Lasch*, 464 Pa. 573, 586, 347 A.2d 690, 696 (1975). Accordingly, it has frequently been held that evidence of another crime is generally admissible when it tends to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan, or design involving incidents so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial. *Commonwealth v. Terrell*, supra. See also *Commonwealth v. Peterson*, supra; *Commonwealth v. Jones*, supra; *Commonwealth v. Irons*,

supra. Instantly, we conclude that the similar circumstances surrounding the two burglaries bring them within the ambit of the "common scheme, plan or design" exception.

As previously noted, the Commonwealth's chief witness was appellant's admitted accomplice, Lillian Deutsch. Her testimony clearly established that both burglaries were part of a common scheme, plan or design. In each case appellant would approach the front door of the intended house and ascertain if anyone were home. When they were confident that the residents were not at home, appellant and Deutsch would proceed to the back of the house where they would gain entrance by breaking a window in the rear door. It was further established that both houses were situated on a corner and located less than a mile apart. In view of this common *modus operandi*, it is apparent that both burglaries were committed pursuant to a common scheme, plan or design. Thus, if the two burglaries had been tried separately evidence of each would have been admissible at a trial of the other. Since both conditions for consolidation were satisfied, the lower court did not abuse its discretion in refusing to sever the two charges. See *Commonwealth v. Jones*, supra.

■ Appellant's next three assignments of alleged error concern the testimony of Fred Blouch, a former friend of appellant, who testified as a witness for the Commonwealth. Shortly after Blouch took the stand appellant requested an offer of proof. The Commonwealth stated Blouch would testify, *inter alia*, that appellant had suggested they intimidate the witnesses scheduled to testify against Lillian Deutsch at her trial. Appellant objected to the proposed testimony on the grounds of hearsay. The court overruled the objection and Blouch testified that appellant suggested they fire weapons into the homes of witnesses to scare them into not testifying against Deutsch. Appellant now contends that this testimony was irrelevant and highly prejudicial. We are precluded, however, from addressing this assertion.

In *Commonwealth v. Stoltzfus*, 462 Pa. 43, 60, 337 A.2d 873, 881 (1975) it was pertinently stated: "It has long been the rule in this jurisdiction that if the ground upon which an objection is based is specifically stated, all other reasons for its exclusion are waived, and may not be raised post trial." [Citations omitted.] Consequently, appellant cannot now be heard to complain of Blouch's testimony on the grounds of relevancy and prejudice when at trial the only objection was that of hearsay.

It is also contended that Blouch's testimony did not conform to the offer of proof. Specifically, appellant now asserts the testimony varied with the offer in that Blouch testified that appellant admitted breaking into the Colonial Road residence with Deutsch. Once again, however, we are constrained to hold that this issue has not been preserved for review.

As noted above, appellant's only objection to Blouch's testimony was on the grounds of hearsay. Had appellant objected at trial on the grounds of variance or lack of conformity to the offer, the lower court would have had the opportunity to consider appropriate remedial measures if it sustained the objection. Since appellant's only trial objection to Blouch's testimony was that of hearsay, any other possible reason for its exclusion, including lack of conformity to the offer, has been waived. *Commonwealth v. Stoltzfus,* supra.

■■ The final issue we need consider is whether a new trial must be granted because of the fact that during direct examination Blouch referred to appellant's incarceration in Minnesota.[4] The unfortunate remark occurred during the following exchange:

4. Appellant also contends the lower court erred in refusing his requested jury instruction relating to accomplish testimony. This contention is wholly frivolous for the record establishes that the lower court's instruction on this issue was completely in accordance with the law. Apparently appellant feels the lower court was obligated to instruct the jury in the exact language contained in his requested charge. It is well-settled, however, that the form of such

"Q. [By the District Attorney] Where did you live while you were out in Minnesota?

A. With Jerry and his wife.

Q. What happened in June of 1972?

A. Jerry and I broke up. We had a fight and I came back.

Q. Did he stay out there?

A. He sort of had to. He was in jail."

The trial judge denied appellant's motion for a mistrial and immediately admonished the jury as follows:

"THE COURT: Disregard that Ladies and Gentlemen. You have an exception, sir. That has nothing to do with the case before us. I want you to disregard it as though you hadn't heard it. Take it out of your mind. Pay no attention to it. You are to hear and decide the issues raised by the Commonwealth Indictments and no other issue, and you are to decide on the evidence you hear in this case relating to the alleged burglaries in Harrisburg. Anything that happened out in Minnesota, I will stop right there. Keep it from your mind. You didn't ever hear it. Proceed."

Several factors convince us that the lower court did not err in refusing to declare a mistrial.

Initially, there is no indication that the improper remark was intentionally elicited by the Commonwealth. While Blouch's answer cannot be termed wholly unresponsive to the question, it is clear that a simple "yes" or "no" would have sufficed. More importantly, we believe the trial judge's immediate curative instructions were sufficient to expunge any taint and assure appellant a fair trial. *Commonwealth v. Williams*, 470 Pa. 172, 178, 368 A.2d 249, 252 (1977). See also *Commonwealth v. Markle*, 245 Pa.Super. 108, 369 A.2d 317 (1976). As the Supreme Court has recently observed:

instruction rests within the trial court's discretion. *Commonwealth v. Griffin*, 216 Pa.Super. 410, 268 A.2d 129 (1970).

"Although we reiterate the admonition to trial courts and prosecutors that they should exercise every possible precaution against the introduction of improper references to prior unrelated criminal activities of the accused, we nevertheless recognize that there will be situations where, even with the greatest care, such evidence may inadvertently impregnate a trial. In such a case where it is evident that the introduction of the improper reference was not intentional and the nature of the comment was innocuous, immediate and effective curative instructions may remedy the error (footnote omitted)." *Commonwealth v. Williams*, 470 Pa. 178, 368 A.2d at 252.

In the present case we believe the lower court's prompt curative action dispelled any prejudice and assured appellant a fair trial. In addition, appellant took the stand and attempted to discredit the Commonwealth's case. On two occasions appellant referred to his incarceration in Minnesota and explained that he served less than a month for driving without a license.[5] Furthermore, there is no suggestion that appellant's decision to testify was motivated by Blouch's improper remark. In light of appellant's own testimony, the strong evidence of guilt, and the curative measures exercised by the trial judge, Blouch's comment was harmless error beyond a reasonable doubt. See *Commonwealth v. Isgriggs*, 227 Pa.Super. 597, 323 A.2d 392 (1974).

Judgment of sentence affirmed.

5. When appellant offered this explanation the lower court elaborated upon its earlier instruction to the jury and stated, inter alia: "A lot of people have been sent to jail on a driving violation and I just want you to take it out of your mind, and don't allow it to occupy one second of your deliberations when you get down to discuss this case."