## Commonwealth v. Hicks

Before Shughart, *P.J.*, and Sheely, *J.*

*George E. Hoffer, First Assistant District Attorney*, for Commonwealth.

*Ronald E. Johnson, Public Defender*, for defendant.

SHUGHART, *P.J.*, March 20, 1978—Defendant Phillip Hicks and his co-defendant, Gary Diffenbaugh, have been convicted by a jury of delivery of a controlled substance and conspiracy in a trial conducted on October 3 and 4, 1977, before the Honorable Sylvia H. Rambo. Hicks has filed motions for new trial and in arrest of judgment. Diffenbaugh also filed motions, but they were dismissed by Judge Rambo because they were untimely filed.

Defendants were arrested following a sale of THC (phencyclidine), an animal depressant, to undercover state police officer Mervin Hill. The sale was arranged through an informer, Lupiano, who introduced Hill to Diffenbaugh for the purpose of arranging the transaction. Hicks, Diffenbaugh's brother-in-law, brought the THC from New Jersey where he lived to Diffenbaugh's apartment where

the sale was made. This sale, which was consummated on February 22, 1977, was not the first between the parties. A similar transaction was arranged previously but it was not included in the charges in this action. Defendants both testified and admitted to their participation in the sale involved in the instant charge. Primarily, Hicks contends that the trial judge erred in admitting evidence of the earlier transaction to rebut the defense of entrapment by Hill and his informer, Lupiano.

The Commonwealth first alluded to the prior drug sale during the direct examination of Hill regarding the sale on February 22 in the following exchange:

"Q. Now, was there a further conversation when Diffenbaugh handed you Exhibit 1? A. Yes, I asked him if it was the *same price*, and Mr. Diffenbaugh said to me, yes, it was $370."

No objection was made to this question and six more questions relating to the price were asked before counsel for Diffenbaugh objected to the question of whether Hill felt this was a good price. At sidebar, counsel for defendants argued that this would lead to testimony of the earlier drug sale involving the parties, and the trial judge sustained the objections.

During the cross-examination of Hill, Diffenbaugh's counsel asked a number of questions concerning the officer's reaction to the price in an apparent attempt to impeach him. On redirect, the district attorney asked how the price of $370 was determined and counsel for Diffenbaugh objected on the ground that it would put the prior sale before the jury. The court permitted the question with specific directions not to mention the prior sale of

THC to Hill. This was not error, because Diffenbaugh's counsel sought to exploit the point on cross-examination, and the Commonwealth's reference to it on redirect was a proper response to that tactic: Com. v. Lockhart, 227 Pa. Superior Ct. 503, 322 A. 2d 707 (1974); See Com. v. Smith, 250 Pa. Superior Ct. 460, 378 A. 2d 1239 (1977).

On cross-examination of defendant Hicks, the district attorney asked the following questions: "Q. Have you seen Officer Hill subsequent to February 22? A. Yes, I have. Q. Tell us the circumstances of you seeing him subsequent to that? A. He made an arrest in New Jersey. Q. Of whom? A. Me." Counsel for Hicks objected after the last question was answered. The discussion at sidebar revealed that the district attorney was attempting to introduce evidence of an arrest for an unrelated offense by Hicks, in order to show his propensity to commit the crime charged. During the sidebar, counsel for Hicks asked that the testimony be stricken. The court sustained his belated objection, but did not strike the testimony. It was not, however, error. The reference to an arrest after the offense for the charges before the jury was not prejudicial in that it could not have conveyed to the jury, expressly or impliedly, the fact of a different criminal offense: Com. v. Banks, 454 Pa. 401, 311 A. 2d 576 (1973).

During the cross-examination of defendant Diffenbaugh the district attorney was able to develop the fact that Hicks had once before February 22 delivered an ounce of THC to him and that it was sold to Hill. No objections to this testimony were made by either defendant even though the leading questions on cross-examination clearly indicated the prior transaction. Counsel for Diffenbaugh finally moved for a mistrial when his client was

asked "was that an ounce." It was clear from the discussion at sidebar that the questions were intended to rebut the entrapment defense by showing defendant's propensity to commit the crime, and the court permitted the questions on this ground.

The prior law in Pennsylvania was set forth in Com. v. Conway, 196 Pa. Superior Ct. 97, 103, 173 A. 2d 776 (1961), in which the Court stated that:

"The defence of entrapment in Pennsylvania . . . arises only when a law enforcement officer, by employing methods of persuasion or inducement which create a substantial risk that persons not otherwise ready to commit the criminal act will do so, actually induces such a person to commit the act.

"This rule requires, before the defence becomes available, (1) a defendant not disposed to commit the crime, and also (2) police conduct likely to entrap the innocently disposed. Unless both elements are present, the defence need not be submitted to the jury." Id. at 103, 173 A. 2d at 779 (footnote omitted). Under this formulation, evidence of defendant's predisposition to commit the crime was clearly relevant.

Section 313 of the Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §313, however, states, inter alia:

"(a) A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by . . ..

"(1) . . .

"(2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it." This is substantially the same definition recommended in the Model Penal Code, Tentative Draft No. 9, §2:10, known as the "objective test."

In Com. v. Jones, 242 Pa. Superior Ct. 303, 363 A. 2d 1281 (1976), the Superior Court, referring to the incorporation of the objective test into the Crimes Code, said that:

"'This test shifts attention from the record and predisposition of the particular defendants to the conduct of the police and the likelihood, objectively considered, that it would entrap only those ready and willing to commit crime.' [citation omitted] Thus, the test for entrapment has shifted in the emphasis from a consideration of a particular defendant's readiness to commit crime, a subjective test, to an evaluation of the police conduct, an objective test, to determine whether there is a substantial risk that the offense will be committed by those innocently disposed. To determine whether an entrapment has been perpetrated in any particular case, therefore, the inquiry will focus on the conduct of the police and will not be concerned with the defendant's prior criminal activity or other indicia of a predisposition to commit crime." Id. at 311, 363 A. 2d at 1285 (footnotes omitted). The court further noted that "the defense [of entrapment] concedes the commission of a criminal offense. Unlike the subjective formulation of the entrapment defense, however, *the state of mind of the particular defendant is irrelevant.*" Id. at 312,

363 A. 2d at 1285 (emphasis added). The court made these observations in determining that the burden of proving entrapment could be constitutionally placed on defendant under 18 C.P.S.A. §313(b), because the defense does not require defendant to negate an element of the crime. It only requires defendant to show the required police conduct.[1]

In Com. v. Manley, ＿＿＿ Pa. Superior Ct. ＿＿＿, 380 A. 2d 1290 (1977), the court, citing Com. v. Jones, supra, adhered to the objective test in determining that the evidence did not establish entrapment as a matter of law, and that the issue was properly put to the jury. The court said that "[w]hen considering a defense of entrapment, rather than focus on a particular defendant's readiness to commit the crime, we will look at the police conduct to determine whether there is a substantial risk that the offense would be commited by one innocently disposed." Id. at ＿＿＿, 380 A. 2d at 1294. These authorites force us to conclude that the trial court erred in admitting the evidence of defendants' prior drug transaction for the purpose of showing their predisposition to commit the crime charged.[2]

---

1. Cf. Com. v. Loccisano, 243 Pa. Superior Ct. 522, 366 A. 2d 276 (1976), in which the court was interpreting the prior entrapment defense as set forth in Com. v. Conway, supra. It was held that placing the burden on defendant to prove that he had no predisposition to commit the crime charged and that the police induced the crime by their conduct was unconstitutional in that it, in effect, relieved the Commonwealth of the burden of proving intent to commit the crime and placed it on defendant. Both the offense and the trial took place before the Crimes Code came into effect.

2. This result would be clearer were it not for the fact that

This, however, is not dispositive of defendants' motions. It is well established that if evidence is admissible for one purpose, it is not rendered inadmissible because it would be improper for some other purpose or even because the jury might consider it in an improper light: Com. v. Updegrove, 413 Pa. 599, 198 A. 2d 534 (1964). As a general rule, evidence of a distinct crime cannot be admitted against a defendant on trial for another crime: Com. v. Fortune, 464 Pa. 367, 346 A. 2d 783 (1975). "However, evidence of another crime is generally admitted when it tends to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) *a common scheme, plan, or design involving incidents so related to each other that proof of one tends to prove the others . . .*" Com. v. Jones, supra, at 308, 363 A. 2d at 1283. (Emphasis supplied.)

In this case, the prior transaction took place within a month before the delivery of which defendants have been convicted. It involved the same parties, the same drug in the same amount and for the same price. In both instances Diffenbaugh had Hicks bring the drugs to this area from New Jersey.

---

the court in Com. v. Jones, supra, noted that "[e]vidence of a sale just two hours prior to the sale in question *would be relevant on the issue of entrapment,* and on appellant's intent in general." Id. at 309, 363 A. 2d at 1284 (emphasis supplied.) This was said in the context of determining whether the charges arising from the separate sales were properly tried together. The language from Jones cited elsewhere in this opinion would seem to be entirely inconsistent with the comment that the prior sale would be relevant to the issue of entrapment. Under the objective test described by the court in Jones, if the police conduct was such as to induce an innocent person to commit the crime, defendant would still be entitled to the defense in spite of the prior sale. The problem has been further

Defendants were tried for both the delivery and conspiracy to deliver the controlled substance. Under the circumstances, the prior sale, being identical in every material respect to the one charged, tends to prove a common scheme or plan to sell the drugs and the commission of one illegal delivery tends to prove the other: Com. v. Smith, 443 Pa 151, 277 A. 2d 807 (1971); Com. v. Wable, 382 Pa. 80, 114 A. 2d 334 (1955); Com. v. Vecchiolli, 208 Pa. Superior Ct. 483, 224 A. 2d 96 (1966). Since the evidence of the prior sale was relevant to show a common scheme, the trial judge did not err in refusing to grant a mistrial. The fact that defendants had not been tried on the other charges is of no consequence, because a defendant's admission of a prior crime relevant to the crime charged is admissible even though defendant has not been convicted of the prior crime: Com. v. Coyle, 415 Pa. 379, 203 A. 2d 782 (1964).

Even though we have concluded that this evidence of a prior sale was admissible, we do not believe that defendant was prejudiced by it, since entrapment would have been no less a defense to the charge, had the jury believed defendants' evidence.[3]

---

compounded by the fact that cases since the Crimes Code became effective have continued to cite the Conway test requiring a defendant "not disposed to commit the crime" on the question of whether the entrapment defense should be submitted to a jury. See Com. v. Clawson, 250 Pa. Superior Ct. 422, 378 A. 2d 1008 (1977); Com. v. Proietto, 21 Pa. Superior Ct. 385, 361 A. 2d 712 (1976). However, Com. v. Manley, supra, would seem to have ended conjecture.

3. In his brief, Hicks alleges similar error in the trial judge's instruction to the jury on entrapment. However, no exceptions were taken to the charge.

• • •

For the reasons discussed above, defendant's motions for new trial and in arrest of judgment will be dismissed.

## ORDER

And now, March 20, 1978, for the reasons set forth in the opinion filed this date, defendant's motions for new trial and in arrest of judgment are dismissed. Defendant is directed to appear before this court for sentencing at the call of the district attorney.