## Commonwealth v. Talone

*Douglas L. Smith, Assistant District Attorney,* for Commonwealth.
*Garland D. Cherry,* for defendant.

KELLY, *J.,* October 31, 1980—On December 7, 1979 information No. 5527A was filed, charging defendant, David P. Talone, with violation of The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, as amended, 35 P.S. §780-101 et seq., both for knowing or intentional possession of controlled substances and for possession with intent to deliver. Following a jury trial which commenced on February 7, 1980, defendant was convicted on both counts as charged. Subsequently, defendant filed motions in arrest of judgment and for a new trial. This opinion is written in disposition of defendant's post-trial motions.

Defendant puts forth only one argument in support of his motion in arrest of judgment, to wit, that information 5527A fails to charge defendant with a crime since it did not plead that the alleged possession of marijuana was "unauthorized." Defendant relies on Com. v. Stoffan, 228 Pa. Superior Ct. 127,

323 A. 2d 318 (1974), and Com. v. Sojourner, _____ Pa. Superior Ct. _____, 408 A. 2d 1108 (1979), for the proposition "that the Commonwealth must *plead* that defendant is not within an exception to the act where, as here, non-authorization is an element of the crime." (Brief of Defendant at 4.) However, neither Stoffan nor Sojourner dealt with the propriety of the information charging the respective defendants with unlawful conduct. Rather, each case dealt with the elements which must be proved, by the Commonwealth, at trial.

Rather than supporting defendant's claim that the information in this case was deficient, Sojourner implicitly rejects defendant's contention. In Sojourner, the court held that, once an accused comes forward with evidence of authorized possession, the Commonwealth has the burden to prove non-authorization beyond a reasonable doubt: Id. at _____, 408 A. 2d at 1113. However, since defendant failed to come forth with any evidence of authorization, the issue was not required to be submitted to the jury: Id. at _____, 408 A. 2d at 1118. In reaching its determination, the Superior Court, in Sojourner, at _____, 408 A. 2d at 1113, reasoned as follows:

"[R]ather than authorization to possess a controlled [substance] being a justification or excuse which the defendant need prove by a preponderance of the evidence, 'non-authorization' is an element of the offenses described in Section 113(a)(16) and (30) which the Commonwealth has the burden of proving beyond a reasonable doubt. The next question is whether the Commonwealth has the burden of proving 'non-authorization' beyond a reasonable doubt *in every case;* that is, stated conversely, whether we should allocate to the defendant the

burden of coming forward with some evidence of authorization sufficient to activate the risk of non-persuasion for the Commonwealth in a particular case. The Commonwealth has suggested this as an alternative argument in this case, and, for the reasons which follow, we find it to be an eminently superior one." (Emphasis supplied.)

The Superior Court opinion in Sojourner makes clear, therefore, that, while non-authorization is an element of the offense which the Commonwealth must prove in an appropriate case, it is not necessary for the Commonwealth to present evidence of non-authorization in every case. Hence, it cannot be said that non-authorization must be pleaded by the Commonwealth in the information charging a defendant with violation of section 13(a)(16) and (30) of The Controlled Substance, Drug, Device and Cosmetic Act.

The chief contention raised by defendant in support of his motion for a new trial concerns the relegation of the burden of proving or disproving entrapment, the sole defense offered by defendant at trial. While he admits that the burden for proving entrapment has long been placed upon defendant, see, e.g., Crimes Code, 18 Pa.C.S.A. § 313(b) (which places the burden of proving entrapment upon defendant "by a preponderance of evidence"), defendant claims "that the case law with respect to affirmative defenses has recently undergone substantial change and it is now improper to place such burden on defendant when the issue had been raised by the evidence." (Brief of defendant at 8.) We disagree.

In Com. v. Jones, 242 Pa. Superior Ct. 303, 314, 363 A. 2d 1281, 1286-87 (1976), the Superior Court stated as follows:

"The objective test of entrapment does not affect the guilt of the accused; guilt is conceded. The defense allows an otherwise guilty defendant to go unpunished because our legislature has determined that seriously objectionable police conduct may not be tolerated. . . . Because entrapment does not negate an element of the offense, it is constitutionally permissible to place the burden of proving an entrapment on the criminal defendant." (Footnote omitted.)

Although defendant concedes that Com. v. Jones held that it is constitutionally permissible to place the burden of proving entrapment on a defendant, he claims that the trend of Pennsylvania case law precludes such a result. In support of his claim, defendant cites Com. v. Rose, 457 Pa. 380, 321 A. 2d 880 (1974), and Com. v. Loccisano, 243 Pa. Superior Ct. 522, 366 A. 2d 276 (1976).

Defendant's reliance on Com. v. Rose is misplaced. There, the issue was whether defendant's intoxication negated his intent. Intent, being an element of the offense, may be negated by intoxication, insanity or other factors. Since the Commonwealth has the burden to prove intent beyond a reasonable doubt, it is error to charge that the defense of intoxication or insanity must be proved by defendant. Entrapment, however, as a defense is treated differently. As the Superior Court stated in Com. v. Jones, supra, at 314, 363 A. 2d at 1286: "[E]ntrapment is analytically closer to the exclusionary rule for fourth amendment violations than it is to defenses which tend to show that the accused did not act with the required kind of culpability necessary for conviction."

It is true that, in Com. v. Loccisano, the Superior Court held that the burden of proving entrapment

as a defense was misplaced upon defendant. However, in Loccisano, the Superior Court reached this result after a thorough and intensive review of the conduct of the police officials involved. While the Superior Court did state that "[t]he element in dispute is criminal intent," we do not believe that the court intended to hold that the absence of entrapment must be proved by the Commonwealth in every instance. Rather, we believe that the police conduct was found to be so reprehensible in Loccisano as to preclude a jury charge that placed the burden of proving entrapment upon defendant.*

In this case, the trial court charged the jury as follows:

"The defense of entrapment is available to any defendant regardless of his character. If you are satisfied that the defendant was entrapped, you should find him not guilty.

"Once again, even though you may believe that the defendant committed the crime charged, you must find him not guilty if you are satisfied by a preponderance of the evidence first, that a police officer or one acting with the police officer perpetrated an entrapment; and second, that the defendant did what he did in response to that entrapment.

"I have indicated to you that as to the defense of entrapment, the defendant has the burden of, since it is an affirmative defense, it was the duty, the duty of establishing this evidence on the defendant by a fair preponderance of the evidence, and by that I mean by the weight of the evidence. The weight of the evidence is upon the defendant."

---

*It is interesting to note that the Superior Court, in Loccisano, specifically did not repudiate section 313(b) of the Crimes Code which places the burden of proving entrapment by a preponderance of the evidence upon the defendant.

That does not mean that the burden of proof in this entire case shifts from the Commonwealth to the defendant. The burden of proving the Commonwealth's case beyond a reasonable doubt never shifts from the Commonwealth, but if the defendant wishes to set up entrapment, he has the duty of presenting evidence which fairly preponderates to establish the element necessary to its proof.

You will note that the defense does not have the high burden of proving entrapment beyond a reasonable doubt. The defense need only prove entrapment by proof which fairly preponderates.

The remaining contentions raised by defendant in support of his motion for a new trial are equally without merit. The trial court's disinclination to permit a cross-examination of the Commonwealth's witnesses, with respect to the chain of custody of the controlled substance at issue, out of the presence of the jury, was clearly within the discretion of the court. Since by raising entrapment as his sole defense defendant admitted delivery of the substance to the police officer, the denial of defense counsel's request to examine the Commonwealth's witnesses outside the presence of the jury was clearly appropriate.

Defendant may not now contest the trial court's charge to the jury that no inference of guilt may be drawn from defendant's refusal to testify. Defendant neither requested that the court refrain from making such a charge prior to the court's instructions to the jury nor did he object to the charge at the time it was given.

We have reviewed the other alleged errors assigned by defendant in support of his motion for a new trial and find them equally without merit. For all the foregoing reasons, defendant's motions are denied.

## ORDER

And now, October 31, 1980 upon consideration of defendant's motions in arrest of judgment and for a new trial, it is hereby ordered and decreed that said motions are denied.

Defendant is ordered to appear for sentencing on November 17, 1980 at 10:00 a.m. in Court Room #1.