501 A.2d 687

**COMMONWEALTH of Pennsylvania**

v.

**Otto Martin JENSCH, Appellant.**

Superior Court of Pennsylvania.

Submitted June 4, 1985.

Filed Dec. 13, 1985.

Lawrence J. Hracho, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Com.

Before SPAETH, President Judge, and McEWEN and BECK, JJ.

SPAETH, President Judge:

This is an appeal from an order denying a petition for relief under the Post-Conviction Hearing Act (PCHA), 42 Pa.C.S. § 9541 *et seq.* The only issue is whether the trial court incorrectly instructed the jury that appellant bore the burden of proving entrapment by a preponderance of the evidence. We affirm.

Appellant was convicted in 1981 of possession with intent to deliver and delivery of marijuana. We affirmed the judgment of sentence, *Commonwealth v. Jensch,* 322 Pa. Super. 304, 469 A.2d 632 (1983), and the Supreme Court denied appellant's petition for allocatur. In 1984 appellant filed a PCHA petition alleging that trial counsel had been ineffective in failing to object to the trial court's instruction on the burden of proving entrapment, thereby waiving the issue for appellate review.[1]  *See* Pa.R.A.P. 302(b).  The

---

1. Appellant argued the propriety of the trial court's charge in his initial appeal to this court, but we refused to reach the issue because it had not been preserved.  *Commonwealth v. Jensch, supra,* 322 Pa.Superior Ct. at 316, 469 A.2d at 638.

PCHA court found that because the issue was of arguable merit, counsel was ineffective in failing to object. The court refused to award appellant a new trial, however, because it concluded that the trial court's instruction was in accordance with the entrapment statute, 18 Pa.C.S. § 313,[2] and Pennsylvania case law.[3]

■ The trial court's instruction was indeed in accordance with § 313(b), and with this court's decision in *Commonwealth v. Jones*, 242 Pa.Super. 303, 363 A.2d 1281 (1976), where we rejected a due process challenge to § 313(b). Appellant argues, however, that § 313(b) and *Jones* were effectively overturned in *Commonwealth v. Loccisano*, 243 Pa.Super. 522, 366 A.2d 276 (1976).[4] In *Loccisano*, decided two months after *Jones*, we reversed a conviction for sale of marijuana because the trial court had instructed the jury that the defendant had the burden of proving entrapment by a preponderance of the evidence.

Appellant's reliance on *Loccisano* is misplaced. As pointed out by the PCHA court, since the crime in *Loccisano* occurred before the adoption of the 1972 Crimes Code, § 313(b) could not apply. This inapplicability was, moreover, at least implicitly recognized in *Loccisano*, for we noted there that "[t]he trial judge charged the jury on entrapment defining the defense as it existed in the case law of this Commonwealth prior to the new Crimes Code",

2. § 313(b) provides that "[e]xcept as provided in subsection (c) of this section, a person prosecuted for an offense shall be acquitted if he proves by a preponderance of evidence that his conduct occurred in response to an entrapment."

3. While the PCHA court found the instruction proper, its order provided that appellant "be allowed to file an appeal to the Superior Court of Pennsylvania raising the issue of the trial court's charge placing the burden of proving the defense of entrapment on [appellant]...." Order of Court, September 13, 1984.

4. Appellant also cites several federal cases placing the burden of disproving entrapment beyond a reasonable doubt on the government. On this issue, however, a Pennsylvania court is not bound by federal law. *See, e.g., United States v. Jannotti*, 729 F.2d 213 (3d Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 243, 83 L.Ed.2d 182 (1984).

and that "[a]t the time the alleged offense in the present case was committed, the law on entrapment was in accord with the position of the majority of the United States Supreme Court." *Commonwealth v. Loccisano, supra,* 243 Pa.Superior Ct. at 531-32, 366 A.2d at 280-81. The law thus alluded to employed a subjective test, focusing on the defendant's disposition to commit the crime. In *Loccisano* we equated disposition to commit the crime with criminal intent, from which the conclusion followed that since intent was an element of the offense, it was the Commonwealth's burden to disprove entrapment (or lack of intent) beyond a reasonable doubt. The entrapment defense was undeniably altered, however, by § 313, "shift[ing] in emphasis ... to an evaluation of the police conduct, an objective test...." *Commonwealth v. Jones, supra,* 242 Pa.Super. at 311, 363 A.2d at 1285. Under § 313, "entrapment does not negate an element of the offense, [and] it is [thus] constitutionally permissible to place the burden of proving an entrapment on the criminal defendant." *Id.,* 242 Pa.Superior Ct. at 314, 363 A.2d at 1286-87.

■ Since *Jones* and *Loccisano,* the propriety of the preponderance of the evidence burden has been recognized by this court in several cases. *See Commonwealth v. McGuire,* 339 Pa.Super. 320, 488 A.2d 1144 (1985); *Commonwealth v. Thompson,* 335 Pa.Super. 332, 484 A.2d 159 (1984); *Commonwealth v. Suggs,* 289 Pa.Super. 44, 432 A.2d 1042 (1981). As appellant's offense was committed in 1977, well after the effective date of the Crimes Code, the jury instruction on entrapment at his trial was correct. Trial counsel was therefore not ineffective in failing to object to the instruction.

Affirmed.