J-S50003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON WOODALL, | |
| Appellant | No. 355 WDA 2013 |

Appeal from the Judgment of Sentence March 24, 2010
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015796-2006

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON WOODALL, | |
| Appellant | No. 356 WDA 2013 |

Appeal from the Judgment of Sentence June 30, 2011
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015787-2006

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, and ALLEN, JJ.

CONCURRING STATEMENT BY SHOGAN, J.:          **FILED MARCH 27, 2015**

I join the learned majority's disposition in the above captioned case. However, I author this concurring statement to expound upon the portion of Appellant's second issue in which he contends that the trial court erred in admitting into evidence facts pertaining to the crimes of June 7, 2006, that

occurred the week after the charges relating to Appellant's conduct on May 31 and June 1, 2006. In essence, Appellant claims that the trial court should have granted his motion *in limine* that sought to preclude admission of evidence regarding the subsequent criminal events of June 7, 2006, because they did not occur prior to the crimes in question.

A motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered. **Commonwealth v. Freidl**, 834 A.2d 638, 641 (Pa. Super. 2003). The basic requisite for the admissibility of any evidence in a case is that it be competent and relevant. **Id**. Furthermore, it is well settled that "[t]he admission of evidence is within the sound discretion of the trial court, and will be reversed on appeal only upon a showing that the trial court clearly abused its discretion." **Commonwealth v. Miles**, 846 A.2d 132, 136 (Pa. Super. 2004) (*en banc*) (citing **Commonwealth v. Lilliock**, 740 A.2d 237 (Pa. Super. 1999)). Abuse of discretion requires a finding of misapplication of the law, a failure to apply the law, or judgment by the trial court that exhibits bias, ill-will, prejudice, partiality, or was manifestly unreasonable, as reflected by the record. **Commonwealth v. Montalvo**, 986 A.2d 84, 94 (Pa. 2009).

A trial court should find evidence admissible if it is relevant, that is "if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or

presumption regarding a material fact." ***Commonwealth v. Williams***, 896 A.2d 523, 539 (Pa. 2006) (quoting ***Commonwealth v. Stallworth***, 781 A.2d 110, 117-118 (Pa. 2001)). However, the Pennsylvania Rules of Evidence state that the probative value of relevant evidence might be outweighed by the danger of unfair prejudice. Pa.R.E. 403. "Unfair prejudice" is defined as "a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.E. 403 cmt. This rule does not suggest that all evidence harmful to the defendant should be excluded. "Exclusion is limited to evidence so prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case." ***Commonwealth v. Page***, 965 A.2d 1212, 1220 (Pa. Super. 2009) (citing ***Commonwealth v. Owens***, 929 A.2d 1187, 1191 (Pa. Super. 2007)).

In addition, the Pennsylvania Rules of Evidence state that generally evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person. Pa.R.E. 404(b)(1). Such evidence may be admissible "where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." ***Commonwealth v. Russell***, 938 A.2d 1082, 1092 (Pa. Super. 2007). As Pa.R.E. 404(b)(2) explains, evidence of other crimes, wrongs or acts may be admissible for purposes

such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

This Court has determined that the plain language of "Rule 404(b) does not distinguish between prior and subsequent acts." *Commonwealth v. Wattley*, 880 A.2d 682, 685 (Pa. Super. 2005).[1] Indeed, case law prior to the adoption of the Rules of Evidence in 1998 generally holds that subsequent other acts may be admissible. *See Commonwealth v. Collins*, 703 A.2d 418, 423 (Pa. 1997) (holding that "[a]lthough evidence of a subsequent offense is usually less probative of intent than evidence of a prior offense, evidence of a subsequent offense can still show the defendant's intent at the time of the prior offense."); *Commonwealth v. Ritter*, 615 A.2d 442, 445 (Pa. Super. 1992) (evidence of subsequent threats against witnesses admissible to show intent to deliver drugs); *Commonwealth v. Green*, 505 A.2d 321, 325 (Pa. Super. 1986) (evidence of subsequent discussion between defendant and third party admissible to show defendant's intent to shoot during robbery). *See also Commonwealth v. Styles*, 431 A.2d 978, 980 (Pa. 1981) (evidence of subsequent criminal conduct admissible to show that killing was not accidental); *Commonwealth v. Sparks*, 492 A.2d 720, 722-723 (Pa.

_____

[1] In *Wattley*, this Court held that evidence of **subsequent** acts of sexual abuse by a defendant was admissible under Pa.R.E. 404(b) for the purpose of showing a continuing course of conduct. *Wattley*, 880 A.2d at 687.

Super. 1985) (evidence of subsequent knowing purchase of stolen goods admissible to show intent to receive stolen property in earlier transaction). Instantly, the mere fact that the June 7, 2006 sale of narcotics occurred after the May 31 and June 1, 2006 crimes does not bar the evidence.