J-S01022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD LEONARD WILLIAMS | : | |
| | : | |
| Appellant | : | No. 595 WDA 2022 |

Appeal from the Judgment of Sentence Entered May 3, 2022,
in the Court of Common Pleas of Fayette County,
Criminal Division at No(s): CP-26-CR-0001991-2021.

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: April 5, 2023**

Richard Leonard Williams appeals from the judgment of sentence after a jury convicted him of intimidation of witnesses or victims. 18 Pa.C.S.A. § 4952(a)(3). We vacate and remand for resentencing of the offense graded as a felony of the third degree.

The evening of February 15, 2021, Williams was involved in an incident with his former girlfriend Crystal Jackson, their three children, and a man named Mark Smith at Jackson's apartment. Williams sent Jackson several text messages the next day: "I'm getting a gun and I'm coming after all y'all;" "Answer the phone I have a few important things I need to tell you before I go to jail forever over your boyfriend [Smith]." Commonwealth's Exhibit 1. He also made public Facebook posts about getting guns and caving in skulls.

---

[*] Retired Senior Judge assigned to the Superior Court.

Williams was charged with recklessly endangering Jackson, terroristic threats, and unlawful restraint, among other offenses. These charges were docketed at Number CP-26-CR-0001064-2022. Williams was ordered to have no contact with Jackson.

In the ensuing months, Williams sent Jackson numerous text messages. When Jackson did not reply, Williams sent photographs of self-inflicted cuts on his arms. He asked her to reply and said that he would do it twice more every time she did not answer, or ten more. "You could stop all this pain . . . But you won't." Commonwealth's Exhibit 3 (messages sent August 17, 2021). Based on the no-contact order and the threats of self-harm, Jackson felt intimidated. N.T., 4/26/22, at 78.

On September 8, 2021, Williams was charged in this case with intimidation. The charge was held for court following a preliminary hearing on October 7, 2021. The cases were consolidated on the Commonwealth's motion, filed March 30, 2022. The certified record does not contain any objection to this motion.

Williams' cases proceeded to trial on April 26 and 27, 2022. Relevant to this appeal, the jury found him guilty of intimidation, which was graded as a felony of the second degree. On May 3, 2022, the court sentenced Williams to five to ten years of imprisonment and 12 months of reentry supervision, consecutive to his sentence at Case 1064-2022. Williams did not file post-sentence motions. He timely appealed. Williams and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Williams asks this Court to review whether:

1. The Commonwealth's evidence in this case is insufficient as a matter of law to support and sustain the conviction and failed to prove the elements of [intimidation of witnesses or victims] as defined in [18 Pa.C.S.A. § 4952(a)(3)]; The verdict is against the weight of the evidence.

2. Abuse of discretion in denying [Williams'] motion of judgment of acquittal; despite the insufficiency of the evidence, The law was overridden and misapplied, thus an abuse of discretion.

3. Abuse of discretion in granting Commonwealth[']s motion to consolidate over [Williams'] objection; subjected [Williams] to extreme and substantial prejudice by not having two separate Jury Trials.

Williams' Brief at 5.

Williams' first two issues concern the sufficiency of the Commonwealth's evidence.[1]  For a challenge to the sufficiency of the evidence, we employ the following well-settled standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the [jury] to find every element of the crime beyond a reasonable doubt.  In applying this test, we may not weigh the evidence and substitute our judgment for the [jury's].  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the [jury] unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime [and disproving self-defense] beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test,

---

[1] To the extent that Williams challenges the verdict as being against the weight of the evidence, he has waived his challenge by failing to preserve it in an oral or written motion for a new trial before the trial court.  Pa.R.Crim.P. 607(A).

- 3 -

the entire record must be evaluated and all evidence actually received must be considered. Finally, the [jury] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Boyer*, 282 A.3d 1161, 1171 (Pa. Super. 2022) (brackets omitted) (quoting *Commonwealth v. Walsh*, 36 A.3d 613, 618–19 (Pa. Super. 2012)).

The offense of intimidation of witnesses or victims is defined:

A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to . . . [w]ithhold any testimony, information, document or thing relating to the commission of a crime from any law enforcement officer, prosecuting official or judge.

18 Pa.C.S.A. § 4952(a)(3).

The two elements of this offense are, first, that Williams had the "intent or . . . knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice," and, second, that he intimidated or attempted to intimidate Jackson to withhold testimony or information relating to a crime.[2] Actual intimidation is not required; the Commonwealth may prove an attempt to intimidate. *Commonwealth v. Beasley*, 138 A.3d 39, 48 (Pa. Super. 2016) (citing *Commonwealth v.*

---

[2] Here, the trial court also instructed the jury as to a third element: that Williams used force or deception or threatened to use force upon Jackson with the intent or knowledge to intimidate her. N.T., 4/27/22, at 339. As addressed below, this element was necessary for the offense to be graded as a felony. 18 Pa.C.S.A. § 4952(b)(1)(i); *see Commonwealth v. Raymond*, 233 A.3d 809, 819–20 (Pa. Super. 2020).

*Collington*, 615 A.2d 769, 770 (Pa. Super. 1992)). A defendant's intent or knowledge may be shown by circumstantial evidence. *Id.*

Williams argues that the evidence is insufficient to prove both elements. He recalls testimony that his threats were indirect, that he did not mention the trial in this case, and that the text messages did not contain requests to withhold testimony. Williams argues that his text messages and Facebook posts from February 16, 2021 form the basis for his terroristic threats charge and are irrelevant to his intimidation charge. As to the later text messages, he contends they do not mention withholding testimony or request Jackson not to testify.

In support, Williams cites *Commonwealth v. Von Evans*, 163 A.3d 980 (Pa. Super. 2017), which involved a conviction for criminal solicitation to commit intimidation of witnesses. In *Von Evans*, this Court noted that the legislature had amended the statute so that it was not a crime to "induce" a victim not to testify, just to "intimidate." We held that a request to make a pecuniary offer was inducement but not intimidation, absent more. *Id.* at 985.

Here, we conclude that the evidence was sufficient to establish intimidation of witnesses or victims. The text messages and Facebook posts from February 16, 2021, while not independently sufficient, are relevant as background to establish Williams' intent or knowledge during his later contact of the effect that his contact would have on Jackson. That is, he knew that Jackson would think that he had weapons and could resort to violence. When

Williams later sent Jackson pictures of cuts on his arms and said that she "could stop all this pain," the jury could infer from the context that he was asking her to stop cooperating with the Commonwealth and talk to him. Jackson's testimony that she felt intimidated based on Williams' indirect threats in violation of the no-contact order supports the inference that Williams intended, or at least knew, that his messages would have this effect. Because the jury is free to believe this testimony, the evidence was sufficient.

Williams' third issue concerns the joinder of this case and Case 1064-2021 for trial. The Commonwealth moved to consolidate on March 30, 2022, which the trial court granted on April 5, 2022. Although Williams states that this occurred over his objection, no objection appears in the certified record. Regardless, we discern no error.

The trial court's decision to join offenses for trial is within its sound discretion; this Court will not reverse unless the trial court abused its discretion. **Commonwealth v. Knoble**, 188 A.3d 1199, 1205 (Pa. Super. 2018) (citing **Commonwealth v. Wholaver**, 989 A.2d 883, 888 (Pa. 2010)). "Offenses charged in separate indictments or informations may be tried together if . . . the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion." Pa.R.Crim.P. 582(A)(1)(a). "If the trial court finds that the evidence is admissible and the jury can separate the charges, the court must also consider whether consolidation would unduly prejudice

the defendant." **Knoble**, 188 A.3d at 1205 (citing **Commonwealth v. Thomas**, 879 A.2d 246, 260 (Pa. Super. 2005)).

Here, the offenses from Case 1064-2021 would be admissible in this intimidation case to show Williams' motivation for the intimidation. **Commonwealth v. Ritter**, 615 A.2d 442, 445–46 (Pa. Super. 1992). Although Jackson did not see Williams' interaction with Smith, the evidence of Smith's injuries was still admissible in this case, where Jackson had provided information and testimony regarding the entire history of their relationship, including what she heard down the stairs. As such, we find support for the trial court's finding that the evidence was capable of separation by the jury and that the consolidation did not unduly prejudice Williams. Trial Court Opinion, 7/11/22, at 9–10. Therefore, Williams' third issue fails.

Finally, we address the legality of Williams' sentence, which we may do *sua sponte*. **Commonwealth v. Wolfe**, 106 A.3d 800, 801 (Pa. Super. 2014), *aff'd*, 140 A.3d 651 (Pa. 2016) (citing **Commonwealth v. Orellana**, 86 A.3d 877, 883 n.7 (Pa. Super. 2014)). The grading of intimidation of witnesses or victims is set out by statute:

> (1) The offense is a felony of the degree indicated in paragraphs (2) through (4) if:
>
> > (i) The actor employs force, violence or deception, or threatens to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person.
>
> > \* \* \*
>
> (2) The offense is a felony of the first degree if a felony of the first degree or murder in the first or second degree was charged in the

case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(3) The offense is a felony of the second degree if a felony of the second degree is the most serious offense charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(4) The offense is a felony of the third degree in any other case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(5) Otherwise the offense is a misdemeanor of the second degree.

18 Pa.C.S.A. § 4952.

Intimidation is graded as a felony if the Commonwealth proves one of the statutory aggravators, including the threat of force or violence. *Id.* § 4952(b)(1)(i). It is graded as a felony of the first degree or a felony of the second degree based on the grading of the most serious offense charged in the underlying case. *Id.* § 4952(b)(2), (3); *see Commonwealth v. Lake*, 281 A.3d 341, 348–49 (Pa. Super. 2022) (citing *Commonwealth v. Felder*, 75 A.3d 513, 516–17 (Pa. Super. 2013)) (explaining that paragraphs 4952(b)(2) and (3) depend on the charges filed in the underlying case, even if those charges did not result in convictions). If the Commonwealth proves one of the aggravators in paragraph 4952(b)(1) but not the grading of the offenses charged in the underlying case, intimidation is graded as a felony of the third degree. *Id.* § 4952(b)(4).

Notably, our Supreme Court has held that the grading of the offenses charged in the underlying case must also be found by the jury beyond a reasonable doubt. *Commonwealth v. Dixon*, 255 A.3d 1258, 1265 (Pa.

2021) (applying ***Apprendi v. New Jersey***, 530 U.S. 466 (2000)).  In ***Dixon***, the trial court instructed the jury as to the elements of intimidation and an aggravator but did not instruct that the Commonwealth had the burden to prove the grading of the offenses charged in the underlying case.  ***Id.*** at 1263.  As a result, the jury did not find the grading in the second degree beyond a reasonable doubt.  Based on this, the Supreme Court concluded that the jury's guilty verdict only established Dixon's guilt of intimidation at the level of a felony of the third degree.  ***Id.*** at 1267.

Here, Williams was charged with intimidation of witnesses graded as a felony of the second degree.  The trial court instructed the jury that an element of the offense was Williams' use or threat of force, or use of deception, with the intent or knowledge to intimidate Jackson.  However, as in ***Dixon***, the court did not instruct the jury that the prosecution had to prove that the most serious offense charged in Case 1064-2021 was a felony of the second degree.  As such, the jury did not find the grading of this offense was a felony of the second degree.  Therefore, Williams' guilt of intimidation was only established at the level of a felony of the third degree.  18 Pa.C.S.A. § 4952(b)(4); ***Dixon***, 255 A.3d at 1267.  We therefore vacate Williams' judgment of sentence and remand for resentencing of this offense as a felony of the third degree.

Judgment of sentence vacated.  Case remanded for proceedings consistent with this decision.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/5/2023</u>