J-A25001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACKIE EMERSON | : | |
| | : | |
| Appellant | : | No. 3223 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 22, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006403-2021

BEFORE: OLSON, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.: **FILED JANUARY 8, 2025**

Appellant, Jackie Emerson, appeals from the judgment of sentence entered November 22, 2023. We affirm.

On April 15, 2015, D.B., then 15-years-old, met Appellant, then 31-years-old, in the Olney neighborhood of Philadelphia, Pennsylvania. The two subsequently went to a nearby park, where Appellant pressured D.B. into smoking marijuana and drinking alcohol. Feeling sick, D.B. told Appellant that she was going to walk back to the subway station. Appellant followed D.B. and suggested they take a shortcut through an alley to the station. As they walked through the alley, Appellant sexually assaulted D.B.

After the assault, D.B. fled and "sought medical treatment at Children's Hospital of Philadelphia where a sexual assault kit was administered with DNA swabs." Trial Court Opinion, 2/24/24, at 2. D.B. "also reported the incident to the police but was unable to identify Appellant as he was unknown to her.

Thus, no arrest was made." ***Id***. On January 31, 2020, the Combined DNA Index System alerted the Philadelphia Police Department that Appellant's DNA matched D.B.'s sexual assault kit. As such, the Philadelphia Police Department "reopened" the case and, after D.B. identified Appellant in a photo array, they arrested Appellant. ***Id***.

On July 20, 2020, the Commonwealth charged Appellant with multiple sexual offenses. The matter proceeded to a jury trial on August 24, 2023. That day, the jury convicted Appellant of sexual assault and corruption of minors.[1] On November 22, 2023, the trial court sentenced Appellant to an aggregate term of seven to 14 years' incarceration, followed by three years' probation. This timely appeal followed.

Appellant raises the following issue for our consideration.

> Whether the trial court erred by permitting the [Commonwealth] to ask prospective jurors during *voir dire* whether they could follow the legal principle that an alleged victim's testimony[,] standing alone[,] is sufficient proof upon which to find [Appellant] guilty[] because that question impermissibly injected advocacy into the jury selection process?

Appellant's Brief at 7.

Herein, Appellant argues that the trial court erred in asking the following *voir dire* question to prospective jurors.

> The law in Pennsylvania states that the testimony of the complaining witness, standing alone, if you believe that witness beyond a reasonable doubt, her testimony is sufficient proof to

---

[1] 18 Pa.C.S.A. §§ 3124.1 and 6301(a)(1)(ii), respectively.

find the defendant guilty in this type of case. Would you be able to follow this point of law?

N.T. Jury Selection, 8/21/23, at 27, 31, 41-42, 53, 61-62, 67, 72, 79, 82, 85, 92, 101, 105, 110, 114, 117, 123, 128-129, 135, 137-138, 141, 144-145. Appellant contends that the question was not designed to determine "whether jurors [were] qualified" or "whether a juror . . . formed a fixed opinion." Appellant's Brief at 16-17. Rather, Appellant claims that the Commonwealth used this question to preview prospective jurors' "attitudes or decisions . . . [about] certain facts which were to be developed in the case" and "then attempted to discharge those prospective jurors who would be inclined to demand more evidence." *Id*. at 21 and 23. In addition, Appellant argues that the question was inappropriate because "it was in the nature of a jury instruction." *Id*. at 23. Because this Court's prior case law prohibits *voir dire* questions "about legal issues within the province of the court" or that seek "to inquire into each prospective jurors' understanding and opinion of specific principles of law and their ability to accept and act upon such principles," Appellant avers that the trial court's decision to ask prospective jurors the aforementioned question constituted an error of law. *Id.* at 17, *citing* ***Commonwealth v. Ritter***, 615 A.2d 442 (Pa. Super. 1992); ***Commonwealth v. Bright***, 420 A.2d 714 (Pa. Super. 1980); ***Commonwealth v. Hoffman***, 398 A.2d 658 (Pa. Super. 1979); ***Commonwealth v. Perea***, 381 A.2d 494 (Pa. Super. 1977).

This Court previously stated:

> The scope of *voir dire* rests within the sound discretion of the trial court, and we will not reverse the court's decisions on *voir dire* absent a palpable abuse of discretion. The sole purpose of *voir dire* is the empaneling of a competent, fair, impartial, and unprejudiced jury capable of following the instructions of the trial court. Neither party is permitted to ask direct or hypothetical questions designed to disclose what a juror's present impression or opinion as to what his decision will likely be under certain facts which may be developed in the trial of a case. *Voir dire* is not to be utilized as a tool for the attorneys to ascertain the effectiveness of potential trial strategies.

***Commonwealth v. Walker***, 305 A.3d 12, 16 (Pa. Super. 2023) (citations and quotation marks omitted), *appeal granted*, 316 A.3d 622 (Pa. 2024).

This Court recently addressed a nearly identical challenge to the precise *voir dire* question cited by Appellant herein. ***See Walker***, ***supra***. Indeed, in ***Walker***, this Court considered whether the trial court erred by allowing the Commonwealth to ask the following question during *voir dire*:

> Under Pennsylvania law, the testimony of the alleged victim standing alone, if believed by you, is sufficient proof upon which to find the defendant guilty in a sexual assault case. Thus, you may find the defendant guilty if the testimony of the alleged victim convinces you beyond a reasonable doubt that the defendant is guilty. Would you be able to follow this principle of law?

***Id***. at 16. As is the case here, the appellant argued that "the question was improper because it 'was in the nature of a jury instruction' and it inquired 'into each prospective juror's understanding and opinion of specific principles of law and their ability to accept and act upon them.'" ***Id***. at 17 (citations omitted).

Importantly, this Court rejected the appellant's claim. In so doing, the panel in **Walker** initially noted that the "Commonwealth had a proper purpose for asking the *voir dire* question." **Id.** It stated:

> Its purpose was to identify jurors who hold fixed beliefs that are untenable under [18 Pa.C.S.A. § 3106[2]]–specifically, the belief that a defendant's guilty cannot be established beyond a reasonable doubt in a rape case (1) without DNA evidence or (2) when the case boils down to the word of the complainant versus the word of the defendant (a so-called 'he said, she said' case).

**Id.** (footnote added). In addition, the **Walker** panel rejected the contention that this Court's prior case law affirmatively established "that [a] proposed instruction should be excluded due to its similarity to a jury instruction." **Id.** at 18 (quotation omitted). Instead, the panel in **Walker** observed that its review of **Ritter**, **Bright**, **Hoffman**, and **Perea** revealed that this Court simply "found that the trial court did not err in excluding [a proposed *voir dire*] question since the trial court properly instructed the jury on the relevant points of the law." **Walker**, 305 A.3d at 18 (quotation omitted). Accordingly, we

---

[2] Section 3106 states:

> The credibility of a complainant of an offense under this chapter shall be determined by the same standard as is the credibility of a complainant of any other crime. The testimony of a complainant need not be corroborated in prosecutions under this chapter. No instructions shall be given cautioning the jury to view the complainant's testimony in any other way than that in which all complainants' testimony is viewed.

18 Pa.C.S.A. § 3106.

held in **Walker** that the use of the *voir dire* question did not constitute an abuse of discretion and, as such, no relief was due. **Id.** at 18-19.

A review of the foregoing demonstrates that Appellant herein raises the exact same challenge to the very *voir dire* question explicitly addressed in **Walker**. We are bound by **Walker**. **See Commonwealth v. Reed**, 107 A.3d 137, 143 (Pa. Super. 2014) (stating that we are bound by existing precedent until such time it is overturned). We therefore reject Appellant's claim of error.

Before we conclude, however, we briefly address Appellant's contention that the *voir dire* question at issue is "not relevant to determining whether the jurors would be competent, impartial and unprejudiced" and, instead, was used by the Commonwealth to "identify and then attempt to discharge those prospective jurors who would be inclined to demand more evidence." Appellant's Brief at 22-23. In support of this claim, Appellant cites to the trial court's colloquy of two prospective jurors: prospective juror 11 and prospective juror 19.

The exchange between the trial court and prospective juror 11 is, in relevant part, as follows.

> The court: Okay. Now, the law in Pennsylvania states that the testimony of a complaining witness, standing alone, if you believe that testimony beyond a reasonable doubt, it is sufficient to find the defendant guilty in this type of case. Would you be able to follow that point of law?
>
> Prospective juror: And I guess to kind of follow up on it, is there proof other than her testimony? Is that what I [am] understanding, in terms of like –

The court: Well, we do [not] know. I do [not] know. I do [not] know what [is] in the case, but the law says if you believe the complaining witness, if you believe her beyond a reasonable doubt, that is sufficient proof to find a defendant guilty, but you have to believe her testimony beyond a reasonable doubt.

Prospective juror: Right. And I [am] guessing that [will] include facts, hard evidence, or would it just be –

The court: No. The law says her testimony.

Prospective juror: Okay.

The court: If you believe her testimony beyond a reasonable doubt, the law says that is sufficient. But you have to believe her testimony beyond a reasonable doubt.

Prospective juror: Uh-huh.

The court: If you feel like you need more, then you do, but if you feel like you do [not], then her testimony is enough. Do you understand?

Prospective juror: I think so.

The court: Okay. Would you be able to follow this point of law?

Prospective juror: Yeah. If that [is] the law, I [am] willing to abide by it.

The court: Okay. But you have to believe it beyond a reasonable doubt.

Prospective juror: Uh-huh.

The court: Okay.

Prospective juror: I guess that [is] what I struggled with a bit in terms I [am] more on the science side, like understanding facts and figures, and having to believe that beyond a reasonable doubt would require something a little bit like that, rather than just someone's word. I do [not] mean to be difficult.

The court: I see what you [are] saying, but the law says if you believe someone's word, it [is] sufficient enough.

Prospective juror: Yes.

The court: Would you be able to [follow] the law?

Prospective juror: Yeah.

The court: But you have to judge everyone's credibility.

Prospective juror: Uh-huh. And that makes it a little more difficult, because it [is] just not clear-cut, or not as, you know, binary in the sense of having that hard evidence in a way; understood.

The court: Okay. But the question is will you be able to follow [that point of law]?

Prospective juror: Yes.

N.T. Jury Selection, 8/21/23, at 41-44 (unnecessary capitalization omitted).

In addition, the trial court's exchange with prospective juror 19 is, in relevant part, as follows.

The court: [] So, in this case, would you be able to listen to the testimony presented, first, to determine if the allegations against the defendant are actually true?

Prospective juror: I would be able to listen to the testimony, but you would have to, you know, beyond a reasonable doubt, prove to me that he did it. I could say he did it, but I could say, well, we were at a party, partying, and I said no, and he proceeded to do it. But who knows if I was like flirting with him, and he said, yeah, then come on, and he did it, and then I said, oh, no I did [not] want it. So, I would have to see the facts once again.

The court: Okay. Well, would you be able to listen to the facts to determine if the allegations are true?

Prospective juror: Yes.

The court: At the end of trial, could you decide whether or not the district attorney has proven the defendant guilty beyond a reasonable doubt?

Prospective juror: A reasonable doubt, yes, I could.

The court: Now, the law in Pennsylvania states that the testimony of a complaining witness, standing alone, if you believe that testimony beyond a reasonable doubt, it is sufficient to find the defendant guilty in this type of case. Would you be able to follow the law, that point of law?

Prospective juror: Like if she says that he did it, without any other proof, she [is] standing all by herself, nothing else, no, I do [not] think I could. I know too many girls that, no, I could [not]. I would need more proof than her saying he did it.

*Id*. at 66-68.

In contrast with Appellant's assertion, the highlighted colloquies with the two prospective jurors bolster's **Walker's** finding that the *voir dire* question serves a "proper purpose," *i.e.*, to ensure the impaneling of a jury that would follow the precepts of Section 3106. **Walker**, 305 A.3d at 17. Indeed, it identified one prospective juror–prospective juror 19–who explicitly admitted that the testimony of the complainant, if not corroborated by other evidence, would be insufficient. In so doing, it identified prospective juror 19 as holding a bias or opinion that was so fixed that "it would lead the juror to ignore the law, the evidence, or the charge of court." **See Commonwealth v. Legree**, 389 A.2d 634, 637 (Pa. Super. 1978); **see also** 18 Pa.C.S.A. § 3106 ("[t]he testimony of a complainant need not be corroborated in prosecutions under this chapter"); **Commonwealth v. Montalvo**, 986 A.2d 84, 92-93 (Pa. 2009) (holding: *voir dire* question, asking concerning circumstantial evidence and whether the jurors could "accept[] the fact that a [d]efendant's guilt can be established solely by circumstantial evidence" was proper, as the question "simply asked if the jurors were capable of following

[the] court's instructions"). In our view, therefore, the question served the "sole purpose of *voir dire*." **Commonwealth v. Delmonico**, 251 A.3d 829, 832 (Pa. Super. 2021).

Based upon all of the foregoing, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/08/2025